## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**RICKY R. FRANKLIN,**

      **Plaintiff,**

**v.**                       **Case No.: 1:24-cv-3922-SDG**

**CLASSIC FIREARMS, LLC AND**
**MENS USA LLC D/B/A**
**MENS USA.COM**

      **Defendant.**

### ANSWER AND DEFENSES WITH COUNTERCLAIM OF DEFENDANT CLASSIC FIREARMS, LLC

NOW COMES Defendant CLASSIC Firearms, LLC ("CLASSIC" or "Defendant") and submits its Answer and Defenses, with Counterclaim, to the Complaint filed by Ricky R. Franklin ("Plaintiff") and states as follows. Any allegation not specifically admitted herein is denied.

### ANSWER

1.    Ricky R. Franklin, (referred to as "Plaintiff') bring this action for damages, and any other available legal or equitable remedies, resulting from the illegal actions of CLASSIC FIREARMS LLC and Men's USA d/b/a MensUSA.com., and its related entities, subsidiaries and agents in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephone, in violation of the Telephone

Consumer Protection Act, 47 U.S.C. § 22 et seq. ("TCPA"), thereby invading Plaintiffs' privacy.

**RESPONSE:** CLASSIC admits that Plaintiff appears to bring an action against CLASSIC pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.;* CLASSIC denies all other allegations of Paragraph 1, including that it is liable in any manner to Plaintiff.

2.     Both Defendants (*sic*) has violated the TCPA pursuant to 47 U.S.C. § 227(c)(5), whereas Plaintiff has received more than one telephone call within a 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection.

**RESPONSE:** CLASSIC denies the allegations of Paragraph 2, including Plaintiff's characterization of the TCPA and his legal conclusions.

3.     The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology — for example, computerized calls dispatched to private homes — prompted Congress to pass the TCPA." Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012).

**RESPONSE:** CLASSIC states that the allegations of Paragraph 3 are legal conclusions to which no response is required. Notwithstanding, CLASSIC denies that

Paragraph 3 accurately states the law. To the extent that Paragraph 3 contains allegations of fact, CLASSIC denies such allegations.

4.      In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102-243, § 11. Congress found that: [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion. Id at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, No. 11-C- 5886, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

**RESPONSE:** CLASSIC states that the allegations of Paragraph 4 are legal conclusions to which no response is required. Notwithstanding, CLASSIC denies that Paragraph 4 accurately states the law. To the extent that Paragraph 4 contains allegations of fact, CLASSIC denies such allegations.

5.      Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of

privacy, regardless of the type of call...." Id. at §§ 12-13. See also Mims, 132 S.

Ct. at 744.

**RESPONSE:** CLASSIC states that the allegations of Paragraph 5 are legal

conclusions and/or conclusions to which no response is required. Notwithstanding,

CLASSIC denies that Paragraph 5 accurately states the law. To the extent that

Paragraph 5 contains allegations of fact, CLASSIC denies such allegations.

6.      Text messages are "calls" within the context of the TCPA. See...Satterfield v.

Simon & Schuster, Inc., 569 F.3d (9th Cir. 2009).

**RESPONSE:** CLASSIC states that the allegations of Paragraph 6 are legal

conclusions to which no response is required. Notwithstanding, CLASSIC denies that

Paragraph 6 accurately states the law. To the extent that Paragraph 6 contains

allegations of fact, CLASSIC denies such allegations.

## Jurisdiction & Venue

7.      Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. sections 1331 and

venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

**RESPONSE:** Jurisdiction arises in the District Court as a federal question. However,

venue is improper. CLASSIC maintains its sole place of business in Macon, Bibb

County, in the Middle District of Georgia. The allegations of the Complaint show that

the second defendant is located in California. Venue is proper as to CLASSIC only in the Middle District of Georgia, and the case should be dismissed or transferred there.

## Parties

8.     RICKY R. FRANKLIN, (hereinafter, Plaintiff) is a natural person at all relevant times residing in county of Henry, State of Georgia.

**RESPONSE:** CLASSIC is without sufficient information to admit or deny the allegations of Paragraph 8; thus, they are denied.

9.     Defendant Classic Firearms, LLC, (hereinafter, "CFA" or Defendant CFA or Defendants") is a company with a headquarters located in Georgia who's Registered Agent is Robert E. Webb. Jr, located at 105 Red Fox Run, Macon, GA 31210.

**RESPONSE:** CLASSIC admits it is a limited liability company organized under the laws of the State of Georgia, and further admits it may be served through its registered agent at the address provided.

10.     Defendant Mens Usa LLC d/b/a MensuUSA.com (hereinafter, "MENS" or Defendant MENS or Defendants") is a company with a headquarters located on California who's address is 11517 Santa Monica Blvd, Los Angeles, CA 90025 and a registered agent of Ashkan Y. Mashhadian, located at 1717 Malcolm Ave, Losa Angeles, CA 90024.

**RESPONSE:** CLASSIC is without sufficient information to admit or deny the allegations of Paragraph 10; thus, they are denied.

11.    Defendants are, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. 153 (39).

**RESPONSE:** CLASSIC states that the allegations of Paragraph 11 are legal conclusions to which no response is required. Notwithstanding, CLASSIC denies that Paragraph 11 accurately states the law. To the extent that Paragraph 11 contains allegations of fact, CLASSIC admits that it may be a person as defined in the statute.

12.    At all times relevant Defendants conducted business in the State of Georgia, and, within this judicial district.

**RESPONSE**: CLASSIC denies the allegations of Paragraph 12 of the Complaint as pled. CLASSIC admits that it conducts business in Georgia, in Macon, Georgia. CLASSIC denies that it conducts business within this judicial district sufficient to give it sufficient minimum contact to confer jurisdiction and venue.

## The Telephone Consumer Protection Act of 1991

## ("TCPA"), 47 U.S.C. § 227 *et seq.*

13.    In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

**RESPONSE:** CLASSIC is without sufficient information to admit or deny the allegations of Paragraph 13; thus, they are denied.

14.     The TCPA regulates, inter alia, the use of automated telephone equipment, or

"predictive-dialers", defined as equipment which "has the capacity...(a) to store or

produce telephone numbers to be called, using a random or sequential number

generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(1). Specifically, the

plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to

make any call to a wireless number in the absence of an emergency or the prior

express consent of the called party.

**RESPONSE:** CLASSIC admits that the TCPA defines "automatic telephone dialing

system" as "equipment which has the capacity (A) to store or produce telephone

numbers to be called, using a random or sequential number generator; and (B) to dial

such numbers." 47 U.S.C. § 227(a)(1). CLASSIC further admits that the TCPA

states, in relevant part, that:

> It shall be unlawful for any person within the United States, or any
>
> person outside the United States if the recipient is within the United
>
> States--
>
>> (A) to make any call (other than a call made for emergency
>>
>> purposes or made with the prior express consent of the called
>>
>> party) using any automatic telephone dialing system or an
>>
>> artificial or prerecorded voice--
>>
>>> . . . .

> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States;

47 U.S.C. § 227(b)(1). CLASSIC denies all other allegations in Paragraph 14, including Plaintiff's characterization of the statute and his legal conclusions.

15.   In addition to the restrictions on automated telephone equipment, the TCPA instructs the FCC to issue regulations "concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1). Accordingly, the FCC issued regulations prohibiting "person[s] or entit[ies] [from] initiat[ing] any call for telemarketing purposes to a residential telephone subscriber unless [the] person or entity has instituted [certain listed] procedures for maintaining" a do-not-call list. 47 C.F.R. § 64.1200(d). Relevant here, the regulations require the telemarketer to (1) provide "the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted," § 64.1200(d)(4); (2) maintain a do-not-call list, § 64.1200(d)(6); and (3) honor a person's request not to be called

**RESPONSE:** CLASSIC states that the allegations of Paragraph 15 are legal conclusions and/or conclusions to which no response is required. Notwithstanding, CLASSIC denies the allegations of Paragraph 15, including Plaintiff's characterization of the law and his legal conclusions. To the extent that Paragraph 15 contains allegations of fact, CLASSIC denies such allegations.

## Allegations of Fact for Both Defendants

16.    In 2023, Plaintiff received a text message from Defendant CFA with a number showing 478-217-9515 on his cellular telephone number ending in -3733. During this time, Defendant began to use Plaintiff's cellular telephone for the purpose of sending Plaintiff spam advertisements and /or promotional offers, via text messages, including fourteen (14) other text messages up until the present day. The text messages were impersonal and read:

July 11, 2023: CLASSIC FIREARMS ANNIVERSARY SALE1 BIGGEST

SALE OF THE YEAR, this FRIDAY & SATURDAY July 14th and 15th See sale

Flyers on our website, Classicfirearms.store.

(See Attached Exhibit A, Text message Campaign)

**RESPONSE:** CLASSIC admits that it sent text messages to Plaintiff in connection with its marketing campaign in 2023, specifically the text messages shown in Exhibit A. CLASSIC denies that sending the text messages was improper.

17.     Plaintiff has receive at least fourteen (14) unsolicited texts from Defendant CFA in violation of 47 U.S.C. 227 et. eq.

**RESPONSE:** CLASSIC denies the allegations of Paragraph 17 of the Complaint. Plaintiff's receipt of the messages does not violate the statute.

18.     Plaintiff started receiving message from Short Message Code #33222, belonging to the Defendant MEN'S on his personal cellphone ending in 3733. All of the text message received were similar in nature and not personal and stated: June 10, 2020: MENSUSA.COM All Colors & Sizes BROWSE OUR MENSWEAR CATALOG CLICK > MENSUSA.COM Suites & Shoes > MENSUSA.COM Casualwear > MENSUSA.COM

(Attached Exhibit B, Text message Campaign)

 **RESPONSE:** CLASSIC is without sufficient information to admit or deny the allegations of Paragraph 18; thus, they are denied.

19.     Plaintiff has receive at least five (5) unsolicited calls/texts from the Defendant MEN'S in violation of 47 U.S.C> 227 et. eq.

 **RESPONSE:** CLASSIC is without sufficient information to admit or deny the allegations of Paragraph 19; thus, they are denied

20.    Plaintiff has never been a customer of the Defendants and Defendants has never gained prior express written consent from Plaintiff to send these text messages.

RESPONSE: CLASSIC denies the allegations of paragraph 20 of the Complaint. Plaintiff was a customer of CLASSIC and did give permission for the text messages.

21.    The text message sent to Plaintiff's cellular telephone was not sent by a live agent and thus created a one-sided conversation in which Plaintiff could not receive a response to his questions and/or concerns. The text message also was sent in an automated fashion as a result of computerized campaigns that were pre-programmed in advance to send message out to large groups of consumers all at once, either sequentially or via algorithmic dialing, i.e. in an automated fashion by a computer.

RESPONSE: CLASSIC admits that its text messages were not sent by a live agent individually, were in an automated sales campaign, and were to groups of consumers. CLASSC denies that this created any sort of one-sided communication and reminds Plaintiff that he could have contacted the store by text, telephone, email, letter or other means to opt-out of any marketing campaigns.

.

22.    The messages sent to Plaintiff by Defendant using the SMS blasting platform employed a text message as an instrument or medium of expression to deliver an automatic message drafted in advance of being sent, i.e. that of an SMS message, to convey a telemarketing communication to Plaintiff. SMS blasting platforms are man-made humanly contrived programs which allow companies to blast out such messages via non-spontaneous methods, i.e. automated methods similar to that of an assembly line in a factory. Such SMS blasting devices are incapable of spontaneity, as they must be programmed by the operator to automatically send messages out, en masse, pursuant to preprogrammed parameters.

**RESPONSE:** CLASSIC is without sufficient information to admit or deny the allegations of Paragraph 22, which appear to relate to SMS messages sent by Defendant MEN'S, thus, they are denied

23.    Accordingly, Defendant's message utilized an "artificial voice" as prohibited by 47 U.S.C. 227(b)(1)(A).

RESPONSE: CLASSIC states that the allegations of Paragraph 23 are a legal conclusion to which no response is required. Notwithstanding, CLASSIC denies that Paragraph 23 accurately states the law.

24.   Upon information and belief, all of the calls/texts Defendant placed to Plaintiffs cellular phone were placed using an "automatic telephone dialing system" (hereinafter, "auto-dialer"), which has the capacity to store and send bulk messages and to dial such numbers as specified by 47 U.S.C. § 227(a)(1).

**RESPONSE:** CLASSIC states that the allegations of Paragraph 24 are a legal conclusions to which no response is required. However, CLASSIC denies the allegations of Paragraph 24.

25.   Upon information and belief, the Defendant's calls to Plaintiffs cellular telephone utilizing an "artificial or prerecorded voice messaging system" violated 47 U.S.C. § 227(b)(1)(A).

**RESPONSE:** CLASSIC denies the allegations of Paragraph 25.

26.   Upon information and belief, the Defendant's calls to Plaintiffs cellular telephone violated 47 U.S.C. § 227(c)(5).

**RESPONSE:** CLASSIC denies the allegations of Paragraph 26.

27.   The impersonal and generic nature of the text messages that Defendant sent to Plaintiff demonstrate that Defendant used an AIDS to send the subject text messages.

**RESPONSE:** CLASSIC denies the allegations of Paragraph 27.

28.   Upon information and belief, Defendants used a combination of hardware and software systems which have the capacity to generate or store random or sequential numbers of to dial sequentially or randomly in an automated fashion without human intervention.

 **RESPONSE:** CLASSIC denies the allegations of Paragraph 28.

29.   Upon information and belief, Defendant used a device to send the subject text messages to Plaintiff that stores numbers and dials them automatically to a stored list of phone numbers as part of scheduled campaigns.

 **RESPONSE:** CLASSIC denies the allegations of Paragraph 29.

30.   This text message constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

 **RESPONSE:** CLASSIC states that the allegations of Paragraph 30 are a legal conclusion to which no response is required. Notwithstanding, CLASSIC admits that the text messages were not an emergency call.

31.   According to the Federal Trade Commission, telemarketers and businesses would have to stop solicitation calls within 30 days of a registration of the do-not-call registry. Citing…https://www.fcc.gove/sites/default/filed/do-not-call_list.pdf)

RESPONSE: CLASSIC states that the allegations of Paragraph 31 are a legal conclusion to which no response is required. Notwithstanding, the same, Plaintiff

does not allege that his number was on the do-not-call-registry, and the text messages from CLASSIC were with his consent.

32.    Plaintiff uses his cellular phone number as his primary residential number for personal, family, and household use. The Plaintiff has never maintained a landline at his resident and uses his cell phone for setting alarms, navigation purposes, sending/receiving emails, timing events, working our sending/receiving text messages. The Plaintiff further has his cell phone for his personal accounts, and the phone is not primarily used for any business purpose.

RESPONSE: CLASSIC is without sufficient information to admit or deny the allegations of Paragraph 32; thus, they are denied.

33. Defendants failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violations of the regulations proscribed under 47 U.S.C. 227(c)(5).

RESPONSE: CLASSIC denies the allegations of Paragraph 33 of the Complaint.

34. Plaintiff suffered a concrete and real invasion of Plaintiff's legally protected privacy rights through Defendant's violation of the TCPA. The continuous repeated calls came with such persistence and frequency as to amount to a course of hounding the Plaintiff. Additionally, these calls drained the cellphone battery resulting in a cost to recharge the phone and using up minutes on a prepaid plan.by the Defendant

used up precious minutes on a limited cellphone plan. Defendants failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violations of the regulations proscribed under 47 U.S.C. 227(c)(5).

**RESPONSE:** CLASSIC denies the allegations of Paragraph 34 and shows that the last sentence is a repeat of Paragraph 33 of the Complaint.

## Cause of Action Count I for Defendant Classic Firearms for Repeated Violations of the ("TCPA"), 47 U.S.C. § 227 *et seq.*

35.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

 **RESPONSE:** CLASSIC restates and incorporates each preceding paragraph as though set forth herein.

36.    Without prior express written consent, the Defendant CFA texted the Plaintiff at least fourteen (14) times by means of automatic texting system to a cellphone or pager in violation of 47 U.S.C. §227(b)(1)(A)(iii).

**RESPONSE:** CLASSIC denies the allegations of Paragraph 36 of the Complaint.

37. Defendant CFA placed over fourteen (14) phone called to Plaintiff's "residential number" which is listed on the "Do-Not-Call" registry and did not reveal the entities on whose behalf they were made, did not provide contact information for those entities, that Defendants failed to maintain records of his requests to be placed on the

do-not-call list and also failed to maintain records of his requests to be placed on the do-not-call list and also failed to honor his do-not-call request.

**RESPONSE:** CLASSIC denies the allegations of Paragraph 37 of the Complaint.

38.  As a result of Defendant CFA violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of a minimum of $500 to $1,500 in statutory damages for each call-in violations of the statue pursuant to 47 U.S.C. 227(b)(3).

**RESPONSE:** CLASSIC denies the allegations of Paragraph 38.

39.  As a result of Defendant CFA violations of 47 U.S.C. § 227(c)(5) et seq,, Plaintiff is entitled to an award of $1,500 in statutory damages for each willful call-in violations of the statue pursuant to 47 U.S.C. 227(c)(5).

**RESPONSE:** CLASSIC denies the allegations of Paragraph 39.

## Cause of Action Count I for Defendant Men's USA LLC d/b/a Mensusa.com for Repeated Violations of the ("TCPA"), 47 U.S.C. § 227 et seq 5.

40.   The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**RESPONSE:** CLASSIC restates and incorporates each preceding paragraph as though set forth herein.

41.  Without prior express written consent, the Defendant MENS texted the Plaintiff at least five (5) times by means of automatic texting system to a cellphone or pager in violation of 47 U.S.C. §227(b)(1)(A)(iii).

**RESPONSE:** CLASSIC is without sufficient information to admit or deny the allegations of Paragraph 41; thus, they are denied.

42. Defendant MENS placed over five (5) phone calls to Plaintiff's "residential number" which is listed on the "Do-Not-Call" registry and di not reveal the entities on whose behalf they were made, did not provide contact information for those entities, that Defendants failed to maintain records of his requests to be placed on the do-not-call list and also failed to honor his do-not-call request.

**RESPONSE:** CLASSIC is without sufficient information to admit or deny the allegations of Paragraph 42; thus, they are denied.

43.   As a result of Defendant MENS violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of a minimum of $500 to $1,500 in statutory damages for each call-in violations of the statue pursuant to 47 U.S.C. 227(b)(3).

**RESPONSE:** CLASSIC denies the allegations of Paragraph 43.

39.   As a result of Defendant MENS violations of 47 U.S.C. § 227(c)(5) et seq,, Plaintiff is entitled to an award of $1,500 in statutory damages for each willful call-in violations of the statue pursuant to 47 U.S.C. 227(c)(5).

**RESPONSE:** CLASSIC denies the allegations of Paragraph 44.

## **Prayer for Relief**

a) As a result of the Defendant's violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to statutory damages of $500 to $1,500.00 for each and every call in violation of the statue, pursuant to 47 U.S.C. § 227(b)(3);

b) As a result of Defendant violations of , 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every call in violation of State and Federal the "do-not-call" provisions;

c) Assessing against Defendants, all costs incurred by the Plaintiff; and

d) Awarding such other relief as justice and equity may require.

**RESPONSE:** CLASSIC denies that Plaintiff is entitled to any of the relief set forth in the *ad damnum* clause.

## DEFENSES

While reserving the right to amend to add other Defenses as the case progresses and without waiver of the foregoing Answer and without making any admission as to any of the allegations set forth in the Complaint, Defendant hereby submits the following Defenses to the Complaint:

### FIRST DEFENSE

Plaintiff's claims are barred because he has failed to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff lacks standing to bring some or all of the claims in the Complaint because Plaintiff has not suffered any *actual injury* sufficient to confer standing under Article III.

## THIRD DEFENSE

The statutory damages provision of the Telephone Consumer Protection Act ("TCPA") that provides for statutory damages of $500 per facsimile advertisement and $1,500 for intentional violation, regardless of whether Plaintiff suffered any actual injury, violates Due Process rights conferred under the Fifth and Fourteenth Amendments to the U.S. Constitution, which prohibit the imposition of grossly excessive or arbitrary punishment on CLASSIC.

## FOURTH DEFENSE

Plaintiff consented to receive text messages upon Plaintiff voluntarily opting into CLASSIC's marketing campaign and voluntarily providing his cell phone number to CLASSIC in connection with a sale made to Plaintiff by CLASSIC. Any test messages allegedly sent by CLASSIC to Plaintiff were based purely in reasonable reliance on such consent to receive such communications. In contravention of his acts and conduct, Plaintiff now contends that he did not consent to receive text messages. Plaintiff is equitably estopped from making this assertion by the doctrine of equitable estoppel.

### FIFTH DEFENSE

Plaintiff expressly consented to receive text messages upon Plaintiff voluntarily opting into CLASSIC's marketing campaign and voluntarily providing his cell phone number to CLASSIC. Any test messages allegedly sent by CLASSIC to Plaintiff were based purely in reasonable reliance on such express consent to receive such communications. In contravention of his acts and conduct, Plaintiff now contends that he did not consent to receive text messages. Plaintiff is equitably estopped from making this assertion by the doctrine of promissory estoppel.

### SIXTH DEFENSE

Plaintiff expressly consented to receive text messages upon Plaintiff voluntarily opting into CLASSIC'S marketing campaign and voluntarily providing his cell phone number to CLASSIC. Any text messages allegedly sent by CLASSIC to Plaintiff were based purely in reasonable reliance on such express consent to receive such communications. In contravention of his acts and conduct, Plaintiff now contends that he did not consent to receive text messages. Plaintiff is equitably estopped from making this assertion by the doctrine of acquiescence.

### SEVENTH DEFENSE

Plaintiff's claims are barred due to fraud.

### EIGHTH DEFENSE

Plaintiff's damages are barred by the *de minimis* doctrine. The damages claimed are insubstantial and do not amount to legally cognizable damages.

## NINTH DEFENSE

Plaintiff's claims are barred due to unclean hands.

## TENTH DEFENSE

Plaintiff's recovery is barred, in whole or in part, by his failure to mitigate damages. Plaintiff had the ability at any time to use the opt-out feature in each text message he requested. Plaintiff had an affirmative duty to take reasonable actions to avoid harm to him. Plaintiff failed to do so, and therefore his claims are barred.

## ELEVENTH DEFENSE

CLASSIC is not liable because a regular user and/or subscriber of the telephone number at issue in this action, whether Plaintiff himself, one of Plaintiff's agents, or a prior subscriber of the number, consented to receive text messages at the number at issue and neither Plaintiff nor anyone on his behalf ever revoked the prior express consent to message the regular user and/or subscriber of the telephone number at issue in this action.

## TWELFTH DEFENSE

Plaintiff's claims are barred because the TCPA is unconstitutionally vague and unnecessarily impinges on freedom of speech rights granted by the U.S. Constitution.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred as CLASSIC at no time utilized an "automatic telephone dialing system" (ATDS, or autodialer) as defined by *Facebook, Inc. v. Duguid*, 592 U.S. 395, 141 S. Ct. 1163, 209 L.Ed.2d 272 (2021)

## FOURTEENTH DEFENSE

Venue is improper. This Court lacks jurisdiction to hear this case.

WHEREFORE, having fully answered Plaintiff's Complaint, CLASSIC demands judgment as follows:

A.      Denying Plaintiff's claims on the merits;

B.      Dismissing Plaintiff's Complaint;

C.      Awarding CLASSIC its attorneys' fees;

D.      Awarding CLASSIC its costs incurred herein; and

E.      For such other and further relief as is deemed just and proper under the circumstances.

## COUNTERCLAIM

Defendant CLASSIC hereby asserts the following Counterclaim against Ricky R. Franklin ("Franklin" or "Plaintiff"). This counterclaim is made in the alternative to CLASSIC'S Answer because CLASSIC maintains that it is not liable under the TCPA because CLASSIC did not make or initiate messages without prior consent or utilize a ATDS as defined by the relevant law interpreting those statutes. CLASSIC sets forth as follows:

## PARTIES

1.      CLASSIC is a limited liability company organized under the laws of the State of Georgia, with a registered agent located at 105 Red Fox Run, Macon, GA 31210.

2.      Plaintiff is an individual resident of the State of Georgia residing at 708 Brambling Way, Stockbridge, GA 30281. Plaintiff has appeared in this matter, and by filing his Complaint has consented to the jurisdiction and venue of this Court.

## FACTS

*3.*      Plaintiff is a *pro se* serial filer. Plaintiff is a regular and repeated user of the court system whose aim is solely to force settlements in TCPA cases by threatening companies with "costly litigation" knowing that as a *pro se* filer he is not subject to incurring legal fees. One of Plaintiff's prior victims Upland Software (*Ricky Franklin v. Upland Software, Inc.*, Case No. 1-18-cv-00236, 2019 WL 433650 (W.D. Tx Feb. 1, 2019), stated it succinctly: "Mr. Franklin is a frequent flyer in the court system,

regularly bringing *pro se* lawsuits asserting TCPA claims throughout the United States." *See, e.g., Franklin v. Express Text LLC,* No. 16-C-9660, 2017 U.S. Dist. LEXIS 124554 (N.D. Ill. Aug. 2, 2017), *vacated by* 2018 U.S. App. LEXIS 6102 (7th Cir. Mar. 12, 2018); *Franklin v. DePaul Univ.,* No. 16-C8612, 2017 U.S. Dist. LEXIS 118552 (N.D. Ill. July 28, 2017); *Franklin v. Clear Spring Loan Servs., d/b/a Sortis Fin.,* No. 3:18-cv-00228-L-BH, ECF No. 3 (N.D. Tex. Jan. 29, 2018); *Franklin v. True Dental Discounts.com, LLC,* No. 17-CV-01600-ORL-40-GJK, ECF No. 1 (M.D. Fla. Sept. 5, 2017); *Franklin v. Facebook, Inc.,* No. 1:15-CV-00655-LMM, ECF No. 3 (N.D. Ga. April 29, 2015); *Franklin v. Wellcare Health Plans Inc.,* No. 1:19-cv-03816-SDG, ECF No. 1 (M.D. Fla. August 16, 2019); *Franklin v. Georgia Power Company,* No. 1:19-cv-03853-MLB, ECF No. 3 (N.D. Ga. August 29, 2019);, *Franklin v. Hollis Cobb Associates Inc., d/b/a Patient Accounts Bureau,* No. 1:21-cv-02075-SDG, ECF No. 1 (N.D. Ga. May 14, 2021); *Franklin v. Hollis D & K Suit City, LLC*, No. 1:21-cv-02608-SDG ECF No. 1 (N.D. Ga. June 28, 2021).

4.    In many, if not all of those cases, Franklin has falsely represented that the messages he received were unsolicited. For example, in *Express Text,* Franklin himself "inexplicably . . . [sent] text messages to the number from which he had received the allegedly unwelcome text messages, seemingly for the purpose of receiving a number of automated responses from that number, each of which he

alleges violate the TCPA and entitle him to increased damages." *Express Text LLC,*
2017 U.S. Dist. LEXIS 124554, at *1.

5.     In this case, Franklin voluntarily and readily provided the number at issue 678-
XXX-3733, on or about February 12, 2017, to a sales associate of CLASSIC while
checking out in connection with the purchase of a firearm.

6.     A true and correct copy of the Sales Ticker and Customer Data Sheet completed
on February 12, 20217 are attached hereto as Exhibit D-1.

7.     Franklin voluntarily provided CLASSIC with his telephone number and date of
birth. Highly visible signage at the point of sale provided notice of the opt-in to receive
messages.

 At no point did Franklin ever choose to opt-out.

8.     A true and correct copy of the counter notice present at the point-of-sale that
day is attached hereto as Exhibit D-2.

9.    Franklin therefore knew, prior to sending a demand letter to and filing this suit
that Franklin had opted in to receive phone calls and text messages at 678-XXX-
3733 and had never opted out.

10.    Franklin, a frequent TCPA litigant with knowledge of the statute's inner
workings, knew that he opted in to receive to messages and that CLASSIC would rely
on that opt-in to send messages to his phone number. Instead of correcting that opt-in,
Franklin intentionally failed to stem the text messages he was receiving in order to file

suit, claim inflated damages, and claim that the text messages are somehow unsolicited in his broader campaign to collect money under the TCPA.

11.  CLASSIC relied on information that Franklin, the user of phone number 678-XXX-3733 had consented to receive text messages and sent text messages to Franklin based on that consent, including incurring costs for employee time and resources. In addition, CLASSIC has now been required to engage attorneys and incur costs associated with defending against a spurious and setup lawsuit—all based on its reliance on Franklin's express prior consent to receive text messages from CLASSIC.

## COUNTERCLAIM – FRAUD AND DECEIT

12.   CLASSIC restates and incorporates each preceding paragraph as though set forth herein.

13.   Under Georgia law, Franklin has committed fraud and deceit against CLASSIC because he made a false representation to CLASSIC that he knew was false, he intended CLASSIC to act in reliance upon such false representation (E.G. CLASSIC sending text messages to Franklin, the user of phone number 678-XXX-3733), CLASSIC justifiably relied on that false representation and was damaged as a result.

14.    Specifically, Franklin knew or had reason to know prior to his Demand Letter and the filing of this suit that he gave consent to receive text messages from CLASSIC at 678-XXX-3733.

15.    Franklin intended CLASSIC to rely on those representations so that CLASSIC would send him text messages that CLASSIC justifiably believed had been requested by Franklin.

16.    Franklin further intended CLASSIC to rely on those representations so that after receipt by Franklin of CLASSIC's text messages he could demand money from CLASSIC for alleged violations of the TCPA and subsequently file a lawsuit for damages.

17.    CLASSIC despite due diligence could not have discovered that Franklin's consent to receive text messages was a deception on his part, as CLASSIC never received any communications from Franklin requesting to stop and opt-out. Franklin took no actions to correct that opt-in.

18.    To the extent Franklin did not wish to receive text messages from CLASSIC at phone number 678-XXX-3733, he intentionally concealed from or failed to disclose that fact. Because Franklin was the person with the most knowledge related to whether he wished to receive text messages at phone number 678-XXX-3733 and because he was well aware of potential liability under the TCPA (based on his many previous

lawsuits), Mr. Franklin had a duty to disclose to CLASSIC that he did not wish to receive the text messages.

19.   Franklin's failure to disclose his desire to not receive text messages was material because he knew that CLASSIC had received an opt-in notice from Franklin for phone number 678-XXX-3733. Franklin also knew that CLASSIC would be ignorant of the fact that Franklin did not wish to receive the text messages and that CLASSIC would not have had an opportunity to discover that fact without Franklin telling CLASSIC. Franklin, however, was intentionally silent when he had a duty to speak.

20.   By failing to disclose that he did not wish to receive text messages, Franklin intended CLASSIC to send Franklin text messages that CLASSIC believed had been requested by Franklin. CLASSIC expended both employee time and resources based on Franklin's failure to disclose.

21.   Despite knowing about his opt-in, Franklin continues his misrepresentations and his concealment of material facts by claiming that those messages were "unsolicited" in his Demand Letter and this lawsuit. Franklin then sued based on these misrepresentations and his concealment of material facts, causing CLASSIC to incur attorneys' fees and costs against this spurious suit.

## CONCLUSION AND REQUEST FOR RELIEF

CLASSIC requests that the Court enter a judgment that Franklin is liable for fraud and deceit and award CLASSIC actual damages, exemplary damages, interest, costs, and for all other relief, at law and equity, to which CLASSIC may show itself entitled.

Respectfully submitted this 30th day of September, 2024.

*/s/ Daniel L. Wilder*
Daniel L. Wilder
State Bar No. 141448
Attorney for Petitioner Morris Bank

EMMETT L. GOODMAN, JR. LLC
544 Mulberry Street, Suite 800
Macon, GA 31201
(478) 745-5415
dwilder@goodmanlaw.org

```
SALE #   5681                    SALES TICKET                 DATE 02/12/17
                                                             CLERK    OWN

SOLD BY:                              SOLD TO:
  CLASSIC FIREARMS                      ████████670           GA
  3780 NORTHSIDE DR                     FRANKLIN, RICKY RAMON
  MACON              GA   31210         708 BRAMBLING WAY
  (478) 257-6655                        STOCKBRIDGE           GA      30281


   STOCK # CAT  DESCRIPTION              CODE QTY    PRICE   EXTENDED

   4818 RIF1 ███████ RIFLE ███████672 BUSHMASTER M4 DWEYD  1   599.00    599.00
██████826 MAG  PMAG 30RD G2 BLK          WWE   1    14.00     14.00
```

```
PAID BY   DEBIT                 TIME 10.50      TOTAL RETAIL  $    613.00
                                               LESS TRADE IN $      0.00
REFERENCE GS                                   TAX          $     42.91
                                               TOTAL DUE    $    655.91
COMMENT   ALL MERCHANDISE SOLD AS IS           TENDERED     $    655.91
                                               CHANGE       $      0.00
```

D-1

# Customer Data Sheet

Printed: 09/27/2024
On File: 02/12/2017

FRANKLIN, RICKY RAMON
708 BRAMBLING WAY
STOCKBRIDGE        GA 30281

ID: ████3670        Type: GA            Expires: ████/2018

Date of Birth: ████/1968    Second ID:

Height: ██ Weight: ██ Sex: ██ Race:    Hair:    Eyes: ██

Phone: ████3733  Cell: ( )  -    Texting:

email:

Customer Type: V    Military:    Familiar:    Bad Check Flag:

Tax ID:

Comment:

Notes:

Images:



D-2

# Classic Firearms Macon, GA

By providing your Phone Number you are opting into our text message services to receive updates on Gun Shows & In-store Sales

## Text STOP to opt-out.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true copy of the foregoing *ANSWER AND DEFENSES WITH COUNTERCLAIM OF DEFENDANT CLASSIC FIREARAMS, LLC* by filing the same using the Court's ECF system, which will automatically send notification to the parties of record and by mailing the same via first class mail postage prepaid to the *pro se* Plaintiff:

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281

Respectfully submitted this 30th day of September, 2024.

*/s/ Daniel L. Wilder*
Daniel L. Wilder
State Bar No. 141448
Attorney for Petitioner Morris Bank

EMMETT L. GOODMAN, JR. LLC
544 Mulberry Street, Suite 800
Macon, GA 31201
(478) 745-5415
dwilder@goodmanlaw.org